

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

35 Worth Street
New York, NY 10013
Tel: 646.398.3909

May 17, 2021

*Via ECF and Email*
Karen Newirth, Esq.
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607

Re:   *Israel Roman v. The City of Mount Vernon, et al.*
       <u>21-CV-02214 (KMK)</u>

Dear Ms. Newirth,

As you are aware, The Quinn Law Firm, PLLC, represents Defendants in the above-referenced matter. Pursuant to Hon. Kenneth M. Karas' Individual Rules of Practice, prior to filing a motion to dismiss in lieu of an answer, Defendants are required to send a pre-motion letter to the non-movant. (See Individual Rules of the Honorable Kenneth M. Karas Rule II(A)).

Defendants set forth the following specific arguments and case law supporting their position that the Complaint partially fails as a matter of law:

***Federal Claim of False Arrest and Unlawful Imprisonment***

Plaintiff's claim for false arrest and unlawful imprisonment pursuant to 42 U.S.C § 1983 (Count II) fail as a matter of law because probable cause existed for his arrest. In the Complaint, Plaintiff alleges that the complaining witness gave a statement to Defendants that Plaintiff pushed him, which constitutes probable cause to arrest for Harassment in the Second Degree, a violation of NY Penal Law §240.26.

In order to prevail on the false arrest claim, plaintiff must show that: (1) defendants intended to confine plaintiff; (2) that plaintiff was conscious of the confinement; (3) that plaintiff did not consent to the confinement; and (4) that the confinement was not otherwise privileged. *See Jocks v. Tavernier*, 316 F.3d 128, 134-35, (2d Cir. 2003). Probable cause is a complete and absolute defense to a claim for false arrest. *See Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006); *see also Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). Probable cause for *any* offense, not only the offense charged, renders an arrest privileged. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (emphasis added). Defendants had probable cause to arrest Plaintiff for Harassment in the Second Degree, because Plaintiff alleges that the victim/complaining witness informed Defendants that Plaintiff pushed him. It is well-established that police officers are permitted to

make a finding of probable cause and base an arrest on statements from a victim. "When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001), citing *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir.1995) (internal citations omitted). Plaintiff has not plead facts that plausibly allege that Defendants had reason to doubt the veracity of the complainant's account. Therefore, Plaintiff's arrest was privileged and his claim for false arrest and unlawful imprisonment fails as a matter of law.

Moreover, the fact that the offense was not committed in the officers' presence is immaterial to the finding of probable cause. "[T]he fact that an arrest violated the New York State … (i.e., N.Y. C.P.L. § 140.10(1)(a)) does not mean that the arrest lacked probable cause under the Fourth Amendment". *See Williams v. Schultz*, 2008 U.S. Dist. LEXIS 112729, *28 (W.D.N.Y. Sept. 22, 2008) (Report and Recommendation), *adopted by Williams v. Schultz*, No. 9:06-CV-1104, 2008 U.S. Dist. LEXIS 82393 (N.D.N.Y. Oct. 16, 2008), citing *Hotaling v. LaPlante*, 167 F. Supp.2d 517, 522-23 (N.D.N.Y. 2001) (Hurd, J.); *Ramos v. City of New York*, 05-CV-3155, 2006 U.S. Dist. LEXIS 73518, at *19-20 (S.D.N.Y. Oct. 6, 2006).

*Federal and State Claims of Malicious Prosecution*

Similarly, Plaintiff's claims for malicious prosecution under federal and New York State law (Counts IV and XII, respectively) both fail as a matter of law because Defendants had probable cause to charge Plaintiff with: Assault in the Second Degree, in violation of NY Penal Law § 120.05, Assault in the Third Degree (Penal Law 120.00), Harassment in the Second Degree, (Penal Law 240.26), Criminal Possession of a Weapon in the Fourth Degree (Penal Law 265.01) and Endangering the Welfare of a Child (Penal Law 260.10).

The elements of a malicious prosecution claim under federal and New York state law are: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiffs favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *See Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted). Probable cause for the charged offense will extinguish a claim for malicious prosecution.

The Complaint alleges that in the underlying incident, Plaintiff accompanied his partner, Ms. Jennifer Nero, to the complainant's residence. Plaintiff further alleges that the complaining witness provided a statement to Defendants that Ms. Nero hit and injured him, and that Ms. Nero took responsibility for any physical contact with the complaining witness in this incident. A person is guilty of Assault in the Second Degree when, "with intent to cause serious physical injury to another person, he causes such injury to such person or to a third person." *See* NY Penal Law § 120.05. While Plaintiff alleges that Ms. Nero was the individual who hit and injured the complaining witness, criminal liability could certainly extend to Plaintiff as acting in concert with Ms. Nero. 1 *See Biton v. City of N. Y.*, No. 17-CV-3981 (LDH) (JO), 2020 U.S. Dist. LEXIS 223587, at *10 (E.D.N.Y. Nov. 30, 2020) ("That Plaintiff did not personally cause [victim's] laceration is irrelevant to the determination of probable cause as Plaintiff may have been rightfully prosecuted based on [co-defendant's] conduct, which is not in dispute... Plaintiffs malicious prosecution claim with respect to [his] assault charge must therefore fail.") Under the facts and

circumstances alleged, Defendants had probable cause to charge Plaintiff on each count. Therefore, Plaintiffs claims for malicious prosecution under both federal and state law cannot prevail.

### *Failure to Intervene*

Plaintiff has failed to state a claim for failure to intervene pursuant to 42 U.S.C. § 1983. Under a failure to intervene theory, "[l]iability may attach only when (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008), citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988). Additionally, "a plaintiff's allegations may not be vague or conclusory" to overcome a motion to dismiss. *Blue v. City of N.Y.*, 2018 U.S. Dist. LEXIS 93509, at *32 (S.D.N.Y. 2018) (citations omitted).

Plaintiff's claims are far too vague and conclusory to overcome a motion to dismiss. Plaintiff has not specified which claims the officers failed to intervene in, whether they were present or had knowledge of the alleged constitutional violations or whether they had a realistic opportunity to prevent them. Instead, Plaintiff groups Defendants together, claiming that they either participated in or observed the underlying investigation, and knew that Mr. Roman had not committed any crime. Plaintiff fails to specify the involvement or knowledge of any of the individual officers. Such vague and conclusory allegations cannot overcome a motion to dismiss. *See Bouche v. City of Mount Vernon*, 2012 U.S. Dist. LEXIS 40246 (S.D.N.Y. 2012) (granting defendants' motion to dismiss plaintiff's claim for failure to intervene when plaintiff failed to identify who or how defendants failed to intervene); *see also Myers v. City of N.Y.*, 2015 U.S. Dist. LEXIS 199107 (S.D.N.Y. 2015) ("Plaintiffs do not allege which defendants failed to intervene when Plaintiffs were subjected to a false arrest, or how the officers failed to intervene. Plaintiffs' claim is therefore too conclusory and vague to survive a motion to dismiss").

### *Intentional Infliction of Emotional Distress*

Plaintiff cannot recover for intentional infliction of emotional distress under New York state law because he has alleged several other theories of tort liability, including unlawful search and seizure, false arrest, and malicious prosecution. "New York does not recognize NIED or IIED causes of action where the conduct underlying them may be addressed through traditional tort remedies, such as false arrest." *Berrio v. City of N.Y.*, No. 15-cv-09570 (ALC), 2017 U.S. Dist. LEXIS 3759, at *21 (S.D.N.Y. Jan. 9, 2017). Therefore, Plaintiff's claim for IIED should be dismissed.

### *Failure to Plead Personal Involvement and Supervisory Liability*

The Complaint must be dismissed in its entirety against P.O. "John" Cerqua and P.O. Saied Karoo because Plaintiff has failed to plead any personal involvement on their behalf. It is well-established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation." *See Cox v. Morley*, 2020 U.S. Dist. LEXIS 186076, *11, 2020 WL 5947002 (S.D.N.Y. 2020).

Plaintiff has not offered any specific facts that indicate the involvement of Officers Cerqua or Karoo in any of the alleged constitutional violations. The only mention of Officers Cerqua and Karoo in the Complaint is that they were present at the scene of Plaintiff's arrest, and that they, along with all of the other named defendants, "observed and/or participated in the investigation", allegedly knew that Plaintiff had not committed any crime, and did not take steps to prevent the filing of the felony complaint. Plaintiff does not identify what, if any, role Officers Cerqua and Karoo had in the investigation, or any support for the contention that they knew Plaintiff did not commit any crime. Therefore, all claims against Defendants Cerqua and Karoo must be dismissed.

Additionally, Plaintiff has not adequately pled a claim of supervisory liability pursuant to 42 U.S.C. § 1983 on behalf of any Defendants, insofar as he has not pled their personal involvement. Indeed, "there is no special rule for supervisory liability" and "[i]nstead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Moreover, "[b]eing in the chain of command is not sufficient to satisfy personal involvement as the violation must be established against the supervisory official directly." *Gutierrez v. City of N.Y.*, No. 18-CV-3621 (MKB), 2021 U.S. Dist. LEXIS 33013, at *18 (E.D.N.Y. Feb. 22, 2021), citing *Tangreti*, 983 F.3d, 618.

Plaintiff claims that Defendants Scott, Harris, Burnett, Mitchell, Mastrogiorgio and McKennie are personally liable by being "deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees" (Complaint at ¶ 124). Plaintiff offers no explanation or details as to how these Defendants failed to train and supervise employees. He does not specify what type of training was not provided to the allegedly subordinate employees, or which Defendants were personally responsible to provide that training. He also fails to specify which or whether any of these Defendants were knowledgeable about any of the alleged constitutional violations. Conclusory allegations that supervisory defendants are liable for constitutional injuries for failure to train and supervise their employees cannot survive a motion to dismiss. *See Johnson v. Schiff*, 2019 U.S. Dist. LEXIS 166372, *33 (S.D.N.Y. 2019), citing *Webster v. Fischer*, 694 F. Supp. 2d 163, 179 (N.D.N.Y. 2010). Therefore, Plaintiff's claim for supervisory liability fails as a matter of law as against all named defendants.

The claims against Defendant Commissioners Scott and Harris must be dismissed in their entirety for failure to allege personal involvement. Plaintiff has not alleged that Defendants Scott and Harris were even aware of Plaintiff's alleged constitutional injuries, let alone that they were in any way personally involved. Plaintiff simply alleges that Defendants Scott and Harris were responsible for the supervision and training of the department and that they were aware of allegedly illegal misconduct, but took no steps to rectify it. These claims are far too broad to survive a motion to dismiss. *See Jones v. Annucci*, No. 16-CV-3516 (KMK), 2018 U.S. Dist. LEXIS 24359, at *33 (S.D.N.Y. Feb. 13, 2018) ("the conclusory statement that [defendant prison superintendent] 'had knowledge' of [co-defendant's] policy and 'sanctioned it,' absent more factual allegations regarding what [superintendent] knew or how he sanctioned the policy, does not plausibly allege [superintendent's] personal involvement.").

*Municipal Liability*

Plaintiff has also failed to plead claims for municipal liability under federal and New York state law, insofar as they contain only overbroad, boilerplate allegations. In order to plead a federal municipal liability claim under 42 U.S.C. § 1983, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (internal quotations and citations omitted). It is well-established that a plaintiff can establish the existence of a policy or custom by demonstrating:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policymaker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*See Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (collecting cases).

The Complaint does not make out a a *Monell* claim based on actions taken by municipal policymakers, because, as mentioned *supra*, he has provided no details or explanation as to how any of the Defendants promulgated the alleged unlawful policies. *See DiPippo v. Cty. of Putnam*, No. 17-CV-7948 (NSR), 2019 U.S. Dist. LEXIS 33071, at *43 (S.D.N.Y. Feb. 28, 2019) ("The requirements for *Monell* liability based on the conduct of a final policymaker are near identical to those for supervisory liability").

Furthermore, the Complaint does not plead sufficient facts to plausibly allege municipal liability on the theory of a consistent and widespread practice. Plaintiff provides only vague, boilerplate allegations of alleged widespread illegal practices, and references an online article and a slew of unrelated civil lawsuits against the City of Mount Vernon, neither of which establish a consistent and widespread illegal practice. Finally, as discussed *supra*, Plaintiff cannot establish municipal liability on a theory of failure to train and supervise, because he provides only vague and conclusory boilerplate allegations of Defendants' failure to train and supervise. Therefore, Plaintiff's *Monell* claim fails as a matter of law.

For the same reasons outlined above, Plaintiff's claims for negligent screening, hiring, and retention, or negligent training and supervision fail as a matter of law. *Brown v. State of N.Y.*, 12 Misc. 3d 633, 649 (Ct. Cl. 2006) ("claimants failed to offer any proof that supervisory personnel were aware or should have been aware that any of the police officers… had a propensity for violating constitutional rights in carrying out their duties"); *see also Mosca v. City of N.Y.*, No. 17-CV-4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS 69846, at *20 (E.D.N.Y. Apr. 24, 2018)(dismissing plaintiff's claim for negligent hiring and retention where the Complaint fails to allege any specific facts concerning any of defendant's prior misconduct).

Thank you for your time and attention to this matter.

Respectfully submitted,

*Andrew C. Quinn*

Andrew C. Quinn, Esq.

ACQ:ma
cc:     Karen Newirth, Esq., *via ECF*