

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

35 Worth Street
New York, NY 10013
Tel: 646.398.3909

June 28, 2021

*Via ECF and Email*
Karen Newirth, Esq.
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607

Re: *Israel Roman v. The City of Mount Vernon, et al.*
21-CV-02214 (KMK)

Dear Ms. Newirth,

As you are aware, The Quinn Law Firm, PLLC, represents Defendants in the above-referenced matter. Pursuant to Hon. Kenneth M. Karas' Individual Rules of Practice, prior to filing a motion to dismiss in lieu of an answer, Defendants are required to send a pre-motion letter to the non-movant. (See Individual Rules of the Honorable Kenneth M. Karas Rule II(A)).

On March 13, 2021, Plaintiff filed the Complaint (*See* Dkt. No. 1). In response, on May 17, 2021, Defendants sent a pre-motion letter to Plaintiff, outlining their grounds for their potential motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) in lieu of an answer. (*See* Dkt. No.18). Defendants indicated their intent to move for dismissal on ten of Plaintiff's twelve causes of action. On June 14, 2021, Plaintiff filed his First Amended Complaint. (*See* Dkt. No. 22). The main substantive changes between the Complaint and the First Amended Complaint are Plaintiff's elimination of Police Commissioners Glenn Scott and Shawn Harris as defendants and the removal of his claim for intentional infliction of emotional distress under New York state law.

Because Plaintiff has not remedied what Defendants still consider fatal flaws in the pleadings, Defendants intend to move for dismissal on the same grounds as identified in their May 17, 2021 pre-motion letter, excluding their arguments pertaining to the claim of intentional infliction of emotional distress and the claims against Glenn Scott and Shawn Harris. (*See* Dkt. No. 18). Moreover, upon further review, Defendants submit the following additional arguments and case law supporting their position that Plaintiff's First Amended Complaint ("FAC") partially fails as a matter of law:

### *Federal and State Claims of Malicious Prosecution*

In addition to having probable cause to charge Plaintiff with the charged offenses, Plaintiff's claims of malicious prosecution under federal and state law also fail because Plaintiff has not sufficiently pled actual malice. The elements of a malicious prosecution claim under

federal and New York state law are: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiffs favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *See Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted).

Plaintiff has failed to plead sufficient facts to plausibly allege that any of the individually named Defendants acted with actual malice. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *See Anguilo v. County of Westchester*, 2012 WL 5278523, at 2 (S.D.N.Y 2012), citing *Iqbal* 556 U.S. at 678-79. Here, Plaintiff's FAC references police reports, court documents and interviews related to the underlying criminal investigation and prosecution; however, and notably, the FAC does not provide specific factual details from these documents. Despite relying on these documents, the FAC contains no specific facts about the nature of the assault or what led to the assault, or specific facts about the investigation that would plausibly allege that any defendants acted with actual malice. For this reason, in addition to Defendants' having probable cause, Plaintiff's malicious prosecution claims fail as a matter of law.

### *Violation of a Right to Fair Trail*

Plaintiff has also not sufficiently pled a claim for denial of a right to fair trial. Plaintiff alleges that "Defendant Officers created false evidence. . . and withheld exculpatory evidence against Plaintiff." (FAC, at ¶ 101). Plaintiff also alleges that Defendants then forwarded the allegedly false evidence to, and withheld exculpatory evidence from, the Westchester County District Attorney's Office. To prevail on a claim for denial of a fair trial based on fabricated evidence, a plaintiff must prove that "an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." *Jovanovic v. City of NY*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) (citing *Jocks*, 316 F.3d at 138; *see Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279-80 (2d Cir. 2016); *Shabazz v. Kailer*, 201 F. Supp. 3d 386, 394-95 (S.D.N.Y. 2016). Here Plaintiff's allegations are conclusory. Plaintiff's FAC references MVPD documents and criminal court documents but does not allege with any specificity what false evidence Defendants allegedly created or what exculpatory evidence was allegedly withheld.

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 663, quoting *Twombly*, 550 U.S. at 557, and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Port Dock & Stone Corp. v. Oldcastle New., Inc.*, 507 F.3d 117, 121 (2d Cir.2007), citing *Twombly*, 550 U.S. at 555. "If the Court can infer no more than the 'mere possibility of misconduct' from the averments – in other words, if the well-pleaded allegations of the complaint have not 'nudged the claims across the line from conceivable to plausible', dismissal is appropriate." *Twombly*, 550 U.S. at 570. In the absence of any specific, factual allegations as to what evidence Defendants fabricated, or exculpatory evidence was allegedly withheld, Plaintiff's claim for violation of a right to a fair trial cannot survive a motion to dismiss.

*Qualified Immunity*

For the reasons set forth above, and in their initial pre-motion letter, Defendants believe that they have adequate grounds for dismissal for failure to state a claim. Assuming *arguendo*, however, that the Court finds that Defendants did not have probable cause to arrest or prosecute Plaintiff, Defendants would still be entitled to qualified immunity in that they had at least arguable probable cause to arrest and prosecute plaintiff. "[G]overnment actors performing discretionary functions are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). "For a constitutional right to be clearly established, there must be binding precedent recognizing it[.]" *Graves v. MidHudson*, 2006 U.S. Dist. LEXIS 81494, at 12 (E.D.N.Y. 2006) (citing *Moore v. Vega*, 371 F.3d 110, 114 (2d Cir. 2004)). A police officer is qualifiedly immune from suit if "either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *See Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010). "The second element of qualified immunity analysis permits a court to grant summary judgment if a reasonable officer could have believed his or her actions were lawful." *Id.*

At a minimum Defendants had arguable probable cause to arrest and prosecute Plaintiff based on the eyewitness identification provided by the complainant victim. Arguable probable cause exists when "a reasonable [official] in the same circumstances and possessing the same knowledge as the [official] in question *could* have reasonably believed that probable cause existed in the light of well-established law." *See Lee v. Sandberg,* 136 F.3d 94, 102 (2d Cir.1997) (internal quotes omitted). "Assuming, *arguendo,* that probable cause to arrest did not exist, it was nevertheless objectively reasonable for [the individually-named Defendants] to believe that probable cause existed." *See Berg v. 505-23 Bar Inc. d/b/a The Half King*, 2012 WL 2367027 (S.D.N.Y. June 20, 2012).

Based on the allegations in the FAC, namely the investigation and the victim's identification, it was objectively reasonable for the individually-named Defendants to believe probable cause existed to arrest and prosecute, and they are entitled to qualified immunity. *See Escalera v. Lunu,* 361 F.3d 737, 743 (2d Cir. 2004) (citation omitted).

Thank you for your time and attention to this matter.

Respectfully submitted,

*Andrew C. Quinn*

Andrew C. Quinn, Esq.

ACQ:ma
cc:     Karen Newirth, Esq., *via ECF and email*