# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

July 6, 2021

**via ECF and E-mail**
Andrew Quinn, Esq.
The Quinn Law Firm
399 Knollwood Road, suite 220
White Plains, New York 10603

     Re: *Israel Roman v. City of Mount Vernon, et al.*, 21-CV-2214 (KMK)

Dear Mr. Quinn:

I write in response to your letters dated May 17, 2021 (the "May 17 Letter") and June 28, 2021 (the "June 28 Letter") (collectively, the "Pre-Motion Letters") and in accordance with Rule II(A) of the Hon. Kenneth M. Karas' Individual Rules of Practice.

In the Pre-Motion Letters, Defendants assert that the now-Amended Complaint must be dismissed for the following reasons:

- Plaintiff's claim for false arrest and unlawful imprisonment pursuant to 42 U.S.C. § 1983 (Count II) fails as a matter of law because "probable cause existed for his arrest" and specifically that "Defendants had probable cause to arrest Plaintiff for Harassment in the Second Degree, because Plaintiff alleges that the victim/complaining witness informed Defendants that Plaintiff pushed him." (May 17 Letter at 1-2).
- Plaintiff's federal and state claims of malicious prosecution fail because:
    - Defendants had probable cause to charge Plaintiff with a number of crimes on the theory that he "acted in concert" with his partner. (May 17 Letter at 2-3)
    - Plaintiff has "failed to plead sufficient facts to plausibly allege that any of the individually named Defendants acted with actual malice." (June 28 Letter at 2).
- The Amended Complaint fails to adequately plead:
    - the violation of a right to fair trail claim (June 28 Letter at 2);
    - the personal involvement of Officers Cerqua and Karoo in any of the alleged constitutional violations (May 17 Letter at 4);
    - the personal liability of supervisory defendants Burnett, Mitchell, Mastrogiorgio and McKennie (*id.*);
    - *Monell* claims (*id.* at 5);
    - Negligent screening, hiring and retention, or negligent training and supervision.

For the reasons that follow, we submit that Defendants have failed to identify any basis for dismissal of any of the claims.

**Relevant Legal Standards**
To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility where the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).

**The False Arrest and Unlawful Imprisonment Should Not Be Dismissed Because Probable Cause Did Not Exist for Mr. Roman's Arrest**

Defendants assert that, because the Complaint acknowledges that the complaining witness told law enforcement that Mr. Roman pushed him, probable cause existed for arrest on a charge of harassment in the Second Degree, a violation of New York Penal Law §240.26. However, PL 240.26 does not merely require physical contact. Instead, it provides, "A person is guilty of harassment in the second degree when, *with intent to harass, annoy or alarm another person:* (1) he or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same . . ." (emphasis added). The New York Court of Appeals has held that an information charging harassment in the second degree is "jurisdictionally defective" if it fails to recite that the acts were done with "'intent to harass, annoy or alarm'." *People v. Hall*, 48 N.Y.2d 927, 928 (1979). *Accord People v. Bartkow*, 96 N.Y.2d 770, 772 (2001) ("petty forms of offensive touching, such as striking, shoving and kicking, are prohibited when committed with the intent to annoy, harass or alarm the victim.")

The facts of *Hall* are instructive. In that case, the information "recited only that defendant, who it also alleges indicated that his desire was that the complainant leave the defendant's premises, did strike, shove, and otherwise subject the complainant to physical contact and threaten . . . physical harm." *Id.* The case bears a striking resemblance to the instant case, where Mr. Roman's entered the apartment only to retrieve his daughter, in order to resolve the dispute with the complaining witness. *See* Am. Compl. ¶¶ 26-27, 35-36.

An officer has probable cause to arrest when he or she has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is

LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

committing a crime.  *Weyant v.* Okst, 101 F.3d 845, 852 (2d Cir. 1996).  *See also Dunaway v. New York,* 442 U.S. 200, 208 n.9 (1979).  The probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest.  *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).  In short, the question of whether probable cause existed is a highly fact depended one requiring an evaluation of all of the facts and circumstances of the arrest, making it improper for resolution at this stage of the proceedings, particularly given the parties' evident dispute about the existence of probable cause.

Finally, and contrary to the assertion in the May 17 Letter, Plaintiff has pleaded sufficient facts to allege that the complaining witness may not have been truthful.  *See* Am. Compl. ¶ 36 (noting that complaining witness's statements to police were inconsistent).

The facts as pleaded in the Amended Complaint – accepted as true and with all reasonable inferences drawn in Mr. Roman's favor – lead to the conclusion that probable cause did not exist because Mr. Roman did not possess the requisite intent to "harass, annoy or alarm" the complaining witness or, at a minimum, that a reasonable dispute warranting further exploration exists as to whether probable cause existed.  As a result, Mr. Roman's claims for false arrest and unlawful imprisonment should not be dismissed.

**The Malicious Prosecution Claim Should Not Be Dismissed**

The Pre-Motion Letters argue that the malicious prosecution claims should be dismissed because (1) probable caused existed to arrest Mr. Roman for "acting in concert" with his partner and/or (2) the claim has been insufficiently pleaded.

With respect to the "acting in concert" theory, Defendants rely on *Biton v. City of New York*, No. 17-CV-3981 (LDH) (JO), 2020 U.S. Dist. LEXIS 223587, at *10 (E.D.N.Y. Nov. 30, 2020). This case is easily distinguished on the facts.  Unlike in this case, where Plaintiff alleges that he never touched the complaining witness and it is undisputed that he was not in the room when his partner hit the complaining witness (Am. Compl. ¶¶ 34-36, 45-46), in *Biton* "[i]t is undisputed that [the victim] sustained a laceration during the altercation with Plaintiff and [her uncharged co-conspirator] [and that] during the altercation, Plaintiff punched [the victim] in the back, and [the uncharged co-conspirator] caused the laceration . . ." *Id.* Under those distinct facts, charging Plaintiff as "acting in concert" was appropriate.  That is not enough to warrant a finding that Mr. Roman, who, unlike Biton had no role in the altercation and was not even present when it occurred could be similarly charged.  To find otherwise would be a gross and unconstitutional overreach, that would amount to a rule that any unsuspecting innocent who finds themselves with a person who commits a crime could themselves be charged criminally and/or precluded from vindicating a violation of their rights stemming from those circumstances.  This is not, and cannot be, the law.

LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

Beyond the fact that Mr. Roman had no knowledge of, did not participate in, and was not present for his partner's assault, he cannot be said to meet the statutory requirements for an "acting in concert" charge in New York as set forth in N.Y. Penal Law § 20.00: "[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, *acting with the mental culpability required for the commission* thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct." (Emphasis added).

There is simply no evidence that Mr. Roman acted with the mental culpability required by any of the charges Defendants allege probable cause existed for[1] or that he "solicit[ed], request[ed], command[ed], importune[d], or intentionally aid[ed] such person to engage in such conduct." P.L. § 20.00.

For these reasons and those set forth in the foregoing section, probable cause did not exist to charge Mr. Roman with acting in concert to commit Assault in the Second Degree, Assault in the Third Degree, Harassment in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree or Endangering the Welfare of a Child. As a result, the Malicious Prosecution claim should not be dismissed.

The Malicious Prosecution claim is also sufficiently pleaded. "The existence of malice is almost always a question of fact." 188 Am. Jur. Proof of Facts 3d 267 (Originally published in 2021). Moreover, "a lack of probable cause generally creates an inference of malice" and once there is an "issue of material fact as to probable cause, the element of malice also becomes an issue of material fact as well." *Boyd v. City of New York*, 336 F.3d 72, 78 (2003). Furthermore, "malice may be shown by proving that the prosecution complained of was undertaken from improper or wrongful motives, or in reckless disregard of the rights of the plaintiff." *Pinsky v. Duncan*, 79 F.3d 306, 313 (2d Cir. 1996). The Complaint has alleged that despite substantial evidence that Mr. Roman did not know about or participate in the assault, that the complaining witness provided contradictory statements, and that charges were ultimately resolved in his favor by complete dismissal (Am. Compl. ¶¶ __), a prosecution was nevertheless initiated against him. Under these facts, it cannot be said that this claim ought to be dismissed.

**The Defendants' Remaining Claims Do Not Provide a Basis for Dismissing the Amended Complaint**

---

[1] These mental states include: intent to cause serious physical injury (Assault in the Second Degree, PL 120.05), intent to cause physical injury (Assault in the Third Degree, PL 120.00); intent to harass, annoy or alarm another (Harassment in the Second Degree, PL 240.26); knowingly acting in a manner likely to be injurious to the physical, mental or moral welfare of a child (Endangering the welfare of a child, PL 260.10).

The remaining claims fail because the Amended Complaint contains sufficient, well-pleaded factual allegations that meet the "plausibility" standard. *Iqbal*, 129 S. Ct. at 1949. *See, e.g.,* Am. Compl. ¶¶ 26-29 (describing the underlying incident, the arrest of Mr. Roman without probable cause, and the sworn incident report containing false facts to support a claim that Mr. Roman had committed a crime); ¶¶ 34-37, 39 (describing exculpatory and contradictory evidence that did not support the criminal charges against Mr. Roman, and the sworn instruments that nevertheless charged Mr. Roman with a crime and did not include the exculpatory information); ¶¶ 40-41 (describing the inaction in the face of civil rights violations on the part of the officers involved in the investigation and arrest of Mr. Roman); ¶¶ 44-46 (describing the superseding charging document, Mr. Roman's continuous assertion of his innocence, and the complete dismissal of the charges against Mr. Roman because he was innocent.); ¶¶ 47, 53-58, 60-67 (detailing the long history of misconduct, including false arrests and malicious prosecution, within the MVPD, including that which warranted a recent referral by the Westchester County District Attorney to the Department of Justice for an investigation into pervasive civil rights violations, including the specific violations alleged by Mr. Roman). As this summary makes clear, the factual allegations contained in the Amended Complaint easily meet the "plausibility" standard.

Finally, in evaluating a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also those documents incorporated by reference in the complaint, which we will provide at the Court's direction or in the event full briefing is ordered. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir 2010) *citing Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Given the early stage of the litigation, the fact-dependent nature of the claims, and the Federal Rules' liberal pleading requirements and applicable legal standards, we respectfully submit that Defendants have failed to offer any reason to dismiss the challenged claims.

Thank you in advance for your consideration.


Very truly yours,

Karen A. Newirth

cc:     Hon. Kenneth M. Karas, via ECF